1
2
3
4
5

John G. Bolm
Attorney at Law
177 North Church, Presidio Suite
Tucson, Arizona   85701
jbolm@proroom.com
State Bar No. 13166
(520)628-7777
Attorney for Defendant

6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

10
11
12
13
14
15

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DOYLE R. MORRISON,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. CR 05-962-TUC-CKJ

**SENTENCING MEMORANDUM**

16      Defendant Doyle R. Morrison respectfully requests that the

17  Court accept the plea agreement in this case and impose a

18  sentence of probation or, if not inclined to do so, a sentence of

19  no more than one year followed by such term of supervised release

20  as the Court deems appropriate.

21                          FACTS

22      The facts stated in the presentence investigation report are

23  correct.  In addition to the facts outlined in that report and in

24  Mr. Morrison's amended objection filed on April 6, 2007, to the

25  guideline calculation of the report, the Court should know that

26  the Army has determined to discharge him under other than

27  honorable circumstances because of his conviction in this matter.

28  Discharge will come after 20 years of service and will result in

    Mr. Morrison receiving no retirement or other benefits based on

1  his service.

2  GUIDELINE CALCULATION

3      Mr. Morrison's objections to the guideline calculation of

4  the presentence investigation report are contained in his amended

5  objection to presentence investigation report filed on April 6,

6  2007.

7

8  PROBATION OR A SENTENCE OF NO MORE THAN ONE YEAR
   IS APPROPRIATE IN THIS CASE

9      Sentencing in this matter is complicated in that the

10 sentence suggested in the guidelines greatly exceeds the 60-month

11 statutory maximum sentence authorized by statute and agreed to in

12 the plea agreement.  This situation applies to all defendants in

13 this matter.  Although the degree of involvement among the

14 defendants varies greatly, as is reflected in the grouping of the

15 defendants in the presentence investigation report, all

16 defendants have received plea agreements with the same 60-month

17 cap on their sentences.  Under these circumstances justice

18 requires that sentences be apportioned beneath the 60-month cap

19 based on the relative degree of involvement of each defendant.

20     Mr. Morrison is in the least culpable of the four groups

21 into which the defendants have been divided in the presentence

22 investigation report.  All defendants in this group participated

23 in only a single delivery and received between $1,500 and $5,000

24 in bribe money.  Only one defendant in the group received less

25 bribe money than the $2,000 Mr. Morrison was paid for his single

26 dishonest act.

27     In determining Mr. Morrison's sentence, it is also

28 appropriate to consider the extrajudicial consequences that Mr.

1  Morrison will suffer as a result of his involvement in this

2  matter.   Most visible of these consequences is his impending

3  discharge from the Army under other than honorable conditions

4  with its attendant loss of retirement and other benefits.   What

5  Mr. Morrison achieved in a lifetime was destroyed in less than 24

6  hours, and now Mr. Morrison will have to make a fresh start half

7  way through his working years and with the stigma of a felony

8  conviction.   Consider in this regard how Mr. Morrison's situation

9  compares with that of Sgt. Darius Perry, the codefendant who

10  recruited him: Sgt. Perry, who participated in five deliveries,

11  recruited six other participants, and received $52,000 in bribe

12  money, has retired from the Army with an honorable discharge.

13  The difference in treatment apparently results from the fact that

14  Mr. Morrison accepted his plea agreement very shortly after he

15  was confronted with his crime, while Sgt. Perry postponed

16  accepting his plea agreement until his severance from the Army

17  had been arranged.

18      Given Mr. Morrison's minimal role in the crime underlying

19  this case, the aberrant nature of his involvement, and his

20  history of outstanding public service, all of which are described

21  in his amended objection to the guideline calculation, a sentence

22  of probation is appropriate.  As required by 18 U.S.C. § 3553(a),

23  such sentence is "sufficient, but not greater than necessary, to

24  comply with the [punitive, deterrent, protective, and

25  rehabilitative] purposes" of sentencing.

26      That probation is an adequate punishment for Mr. Morrison

27  can be seen by comparison of his involvement and circumstances,

28  including the extrajudicial consequences that he will suffer

1   because of his conviction, with those of other defendants.  Mr.

2   Morrison is particularly grieved by the consequences of his

3   actions because of their effect on his family.  If the Court is

4   not inclined to grant Mr. Morrison probation, surely a sentence

5   of no more than one year will fully satisfy the demands of

6   justice.  Probation or a sentence of no more than one year will

7   satisfy the punitive purpose of sentencing.

8       Mr. Morrison has protected the people of the United States

9   in many ways during his years of military service, and there is

10  no reason to believe that he presents any threat against which

11  anyone needs to be protected.  Probation satisfies the protective

12  purpose of sentencing.

13      There is no need to deter Mr. Morrison from further criminal

14  acts.  His criminal behavior in this case was a single, brief

15  episode in an otherwise law-abiding life.  That he is unlikely to

16  offend similarly in the future is evident from his refusal

17  shortly after completion of the delivery that brings him before

18  the Court to participate in a second delivery and his return to

19  an honest and productive life in the years since his offense.

20  Probation satisfies the deterrent purpose of sentencing.

21      Finally, Mr. Morrison does not need rehabilitation.  He has

22  no alcohol or drug addiction, and he has already rehabilitated

23  himself from his foray into criminal activity.  This

24  rehabilitation began when he refused to participate in a second

25  delivery, and its fruition can be seen in his return to being

26  classified "among the best" in his Army fitness reports.

27  Probation satisfies the rehabilitative purpose of sentencing.

28  . . . .

CONCLUSION

For the reasons outlined above, the Court should accept the plea agreement and impose a sentence of probation followed by such term of supervised release as the Court deems appropriate. If the Court is not inclined to grant Mr. Morrison probation, it should impose a sentence of no more than one year.

RESPECTFULLY SUBMITTED this 6th day of July, 2007.


s/John G. Bolm
John G. Bolm
Attorney for M***